FILED
2022 May-05  PM 02:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| CIRCLE K TERMINAL ALABAMA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHNSON CONTROLS, INC., | ) |
| | ) |
| Defendant. | ) |

_____

## COMPLAINT
_____

Plaintiff Circle K Terminal Alabama, LLC ("Circle K"), for its Complaint against Defendant Johnson Controls, Inc. ("JCI"), brings this action for damages and makes the following allegations based upon information and belief:

## I.    PARTIES

1.    Circle K is a Delaware limited liability company registered to and doing business in Alabama. The member of Circle K is Circle K Stores Inc., an Arizona corporation with its principal place of business in Texas.

2.    JCI is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin.

## II.     JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §
1332, as the amount in controversy exceeds $75,000 and the parties' citizenship is
completely diverse.

4.      The amount in controversy is in excess of $75,000, and Circle K is
seeking more than $75,000 in damages against JCI.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as the
events or omissions giving rise to this claim occurred in this judicial district.
Specifically, the Terminal at which a substantial part of the events or omissions that
give rise to the claims occurred in this judicial district.

## III.     FACTUAL ALLEGATIONS

6.      This action seeks damages arising out of an incident occurring on or
about August 31, 2021, in which a JCI technician employee acting independently
from any direction from Circle K acted in an intentional, negligent, grossly
negligent, and willful and wanton manner, as further described herein, causing a
catastrophic release at Circle K's Terminal of AR-AFFF fire retardant containing
per- and polyfluoroalkyl substances ("PFAS") — a type of substance that is highly
regulated by regulatory authorities, including the Occupational Safety and Health
Administration, which has classified PFAS as a "hazardous substance" and the
United States Environmental Protection Agency, pursuant to the Toxic Substances
Control Act ("TSCA") and the Safe Drinking Water Act ("SDWA"), and is the

subject of proposed rulemaking pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA").

7.    Circle K is the owner and operator of the Circle K Alabama Fuel Terminal located at 2529 28th Street Southwest, Birmingham, Alabama, 35211-5246 (the "Terminal").

8.    JCI is self-described as a "leader in fire protection, safety and control" and as a helper in saving "life, property and the environment."

9.    As the owner and operator of the Terminal, Circle K provides storage and the subsequent transfer of petrochemical products into road tankers for distribution to gas stations. The products stored at the Terminal are flammable liquids, necessitating the implementation of measures to prevent environmental, health, and safety impacts and to lessen those impacts in the event of a catastrophic event.

10.    Based upon JCI's representations concerning its expertise in the field of fire protection as described above, Circle K engaged JCI to install fire suppression systems and equipment at the Terminal.

11.    In connection with its installation of the fire suppression systems and equipment, JCI recommended that Circle K approve the use of PFAS foam in the system, noting that it was a better alternative for the environment and human health.

12.    Circle K purchased the recommended fire suppression systems from JCI.

13.     JCI manages the fire suppression systems and equipment, including the PFAS foam, pursuant to a maintenance program for which Circle K pays an annual fee. The installation and maintenance of the fire suppression systems and equipment, including the PFAS foam, is a turnkey operation by JCI.

14.     On August 31, 2021, JCI, through one of its technicians, was tasked by JCI with performing a "routine" inspection of the fire suppression systems. During this inspection, JCI, for no justifiable or explicable reason, activated the deluge system and, in attempting to stop the deluge water, then activated the foam system, releasing the PFAS foam into the deluge water.

15.     As a result of the inexplicable actions of JCI, hundreds of gallons of PFAS foam were released from the foam tank, mixed with the deluge water, and flowed through the loading gantry suppression system. The PFAS foam entered into secondary containment, where it commingled with petroleum contact water, before overflowing that containment and migrating further both on and off the Terminal property.

16.     JCI's technician failed to act or take any action to stop the PFAS release.

17.     Circle K's terminal manager physically cut the water supply to the system, thereby stopping the flow.

18.     Circle K immediately summoned its Oil Spill Removal Organization contractor, HEPACO — an environmental and emergency services company —

which diligently contained the spread and containment PFAS foam and stored the released product in two (2) frac tanks that were leased by Circle K to handle the tens of thousands of gallons of process generating waste which was classified as hazardous waste due to ignitability.

19.     The release event resulted in a terminal outage, which caused a suspension of the Terminal's operations, including its receipt of deliveries and its shipment of petroleum products.

20.     JCI immediately acknowledged its responsibility for the incident and pledged its full cooperation and support to addressing the issues caused by its actions.

21.     Despite this admission and pledge of support, JCI failed to assist or compensate Circle K for the extensive damages JCI caused to the Terminal, the costs associated with containing and storing the PFAS foam, the costs associated with sampling and waste characterization, the loss of fuel sales, and the risks of liability related to the release of regulated hazardous waste, necessitating this action.

## IV.   COUNTS OF THE COMPLAINT

### COUNT ONE
### (Negligence)

22.     Circle K incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint as though set forth fully herein.

23.     JCI has a duty to take ordinary care in the performance of its work and the operation of its employees at the Terminal not to cause a catastrophic release of PFAS foam at the Terminal.

24.     JCI breached that duty when it caused a catastrophic release of PFAS foam from the foam tank, which mixed with the deluge water, and flowed through the loading gantry suppression system, entering secondary containment, where it commingled with petroleum contact water, before overflowing that containment and migrating further both on and off the Terminal property.

25.     Circle K was harmed by this release, including, but not limited to, (i) sustaining substantial damage to the Terminal, (ii) the loss of fuel sales, and (iii) the costs associated with containing the PFAS foam and sampling and waste characterization testing.

26.     But for JCI's breach of duty, Circle K would not have been harmed.

27.     JCI's failure to meet its duty was a direct and proximate cause of Circle K's harm.

28.     Circle K was injured as a result of JCI's breach of duty in an amount exceeding $75,000.00.

WHEREFORE, PREMISES CONSIDERED, Circle K demands judgment against JCI for compensatory damages in an amount to be shown at trial (and in excess of $75,000), interest thereon, and punitive damages.

## COUNT TWO
### (Gross Negligence)

29.     Circle K incorporates by reference the allegations contained in paragraphs 1 through 28 of this Complaint as though set forth fully herein.

30.     JCI has a duty to take ordinary care in the performance of its work and the operation of its employees at the Terminal not to cause a catastrophic release of PFAS foam at the Terminal.

31.     JCI and its employees had actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and welfare of others when it breached that duty by causing a catastrophic release of PFAS foam on the Circle K premises to emanate throughout the premises and spread throughout and beyond the Terminal property.

32.     Circle K was harmed by this release, including, but not limited to, (i) sustaining substantial damage to the Terminal, (ii) the loss of fuel sales, and (iii) the costs associated with containing the PFAS foam and sampling and waste characterization testing.

33.     But for JCI's breach of duty, Circle K would not have been harmed.

34.     JCI's failure to meet its duty was a direct and proximate cause of Circle K's harm.

35.     Circle K was injured as a result of JCI's breach of duty in an amount exceeding $75,000.00.

36.     Having acted with actual, subjective awareness of the risk involved, but nevertheless proceeding in conscious indifference to the rights, safety, and welfare of others Circle K is entitled to an award of punitive damages.

WHEREFORE, PREMISES CONSIDERED, Circle K demands judgment against JCI for compensatory damages in an amount to be shown at trial (and in excess of $75,000), interest thereon, and punitive damages.

**COUNT THREE**
**(Nuisance)**

37.     Circle K incorporates by reference the allegations contained in paragraphs 1 through 36 of this Complaint as though set forth fully herein.

38.     JCI's intentional release of the PFAS foam constitutes a nuisance.

39.     JCI's intentional release of the PFAS foam constitutes an invasion and/or interference with Circle K's use and enjoyment of the property and has caused it damages.

WHEREFORE, PREMISES CONSIDERED, Circle K demands judgment against JCI for compensatory damages in an amount to be shown at trial (and in excess of $75,000), interest thereon, and punitive damages.

**COUNT FOUR**
**(Willful and Wanton Conduct)**

40.     Circle K incorporates by reference the allegations contained in paragraphs 1 through 39 of this Complaint as though set forth fully herein.

41.     JCI willfully, with knowledge, and with reckless disregard for the safety of others released the PFAS foam onto Circle K's property.

42.     JCI acted with knowledge of the danger and/or with consciousness that the action of releasing the foam would likely result in injury.

43.     As a result of JCI's intentional act in releasing the PFAS foam, Circle K has been damaged.

WHEREFORE, PREMISES CONSIDERED, Circle K demands judgment against JCI for compensatory damages in an amount to be shown at trial (and in excess of $75,000), interest thereon, and punitive damages.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the *Federal Rules of Civil Procedure*.

/s/ *Lynne Stephens O'Neal*
LYNNE STEPHENS O'NEAL
asb-3829-n77l
Attorney for Plaintiff Circle K Terminal Alabama, LLC

/s/ *Jim H. Wilson*
JIM H. WILSON
asb-9979-s70j
Attorney for Plaintiff Circle K Terminal Alabama, LLC

OF COUNSEL:

LEITMAN, SIEGAL & PAYNE, P.C.
1927 1st Avenue North, Suite 101
The Woodward Building
Birmingham, AL 35203
205.251.5900
loneal@lsppc.com
jwilson@lsppc.com